Filed 5/29/14  P. v. Bishop CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D064277 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD244507) |
| MARCUS LAMONT BISHOP, | |
| Defendant and Appellant. | |


APPEAL from a judgment of the Superior Court of San Diego County, Eugenia Eyherabide, Judge.  Affirmed.

Libby A. Ryan, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

On November 12, 2012, a resident of Poway called the sheriff's department and reported that two men were attempting to break into her home, which she had fled.  The witness also told the sheriff's dispatcher she saw an African-American male leaving a

neighbor's house with a large television; the witness reported that she saw the male put the television into a black Sebring, which was occupied by a second African-American male, and that the two African-American males then drove away in the Sebring. The witness provided the dispatcher with the Sebring's license plate and its direction.

A sheriff's deputy responded to the area and saw a black Sebring with the license plate number reported by the witness and occupied by two adult African-American males. The deputy attempted to stop the Sebring but, in response to the lights and siren the deputy employed, the Sebring drove away at speeds approaching 90 miles an hour. The deputy chased the Sebring for approximately a mile at which point the driver of the Sebring slammed on the brakes and lost control of the car, which then hit a wall. After the collision, defendant and appellant Marcus Bishop and his companion got out of the car and fled on foot. Eventually, Bishop was apprehended.

At the scene of the collision, the sheriff's deputy found two pawn slips on the ground with Bishop's name on them. The Sebring was towed to a sheriff's station where an inventory search was conducted and a sheriff's deputy found a Nook tablet, a television remote, an Apple laptop with power cords, a flat-screen television and packing tape. A witness who reported being burglarized identified the items as property taken from his home.

Bishop was charged by information with two counts of residential burglary (Pen. Code, §§ 459, 460) and one count of felony eluding a peace officer (Veh. Code, § 2800.2). With respect to the burglary counts, it was alleged the crimes had been

2

committed for the benefit of, at the direction of, and in association with a criminal street gang within the meaning of Penal Code section 186.22, subdivision (b)(1).

Prior to trial, Bishop moved to suppress the items discovered during the inventory search of the Sebring. The trial court denied the motion. The trial court found the sheriff's deputy had reasonable suspicion to initiate the traffic stop and seize the Sebring. The trial court further found the inventory search was proper.

Bishop pled guilty to one count of burglary, the felony eluding count and admitted the gang enhancement. The trial court sentenced Bishop to the lower term of two years on the burglary count, a consecutive five-year term on the gang enhancement and eight months on the eluding count, for a total term of seven years eight months. However, the trial court then suspended the sentence and placed Bishop on three years' probation.

Bishop filed a timely notice of appeal.

DISCUSSION

Appointed appellate counsel has filed a brief summarizing the proceedings below. Counsel presents no argument for reversal but asks this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436. Counsel suggests, as an issue for our review, whether the trial court erred in denying Bishop's motion to suppress the property found during the inventory search.

We granted Bishop permission to file a brief on his own behalf, and he has declined to do so.

Our review of the record pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436 has

3

disclosed no reasonably arguable appellate issues. The record fully supports the trial court's determination that the deputy sheriff had reasonable suspicion to stop the Sebring and that, thereafter, law enforcement officers acted properly in seizing and subjecting the car to an inventory search. (See *People v. Griffin* (1988) 46 Cal.3d 1011, 1025 ["The propriety of a warrantless seizure and search where the vehicle is itself evidence or the instrumentality of a crime is implicit in a number of United States Supreme Court decisions . . . . [Citations.]"].)

We find that Bishop was adequately represented both at trial and on appeal.

DISPOSITION

The judgment is affirmed.

BENKE, Acting P. J.

WE CONCUR:

McINTYRE, J.

AARON, J.